No. 34,123

J. B. Douglas, *Appellee*, v. The City of Wichita, a Municipal Corporation, et al., *Appellants*.

(83 P. 2d 657)

Opinion filed November 5, 1938.

*Vincent F. Hiebsch, K. W. Pringle* and *Forrest V. McCalley*, all of Wichita, for the appellants.

*Dale M. Bryant*, of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to enjoin the city of Wichita from operating a wholesale produce market. Judgment was for the plaintiff, striking out certain portions of the answer. Defendants appeal.

The petition alleged that plaintiff was a resident and taxpayer of the city of Wichita and that he brought the action on behalf of himself and others similarly situated; that pursuant to an ordinance a proposition of issuing $25,000 in bonds for the purpose of purchasing ground and equipping it for a market place was submitted to the voters of the city in 1929; that this bond issue carried and the land was purchased and improved; that in 1936 an ordinance was passed providing for the operation of a wholesale produce market in the building; that this ordinance provided for a market master and other necessary employees; and that under the rules of the market the sale of produce is prohibited to anyone except retailers; that at the time the bond issue was submitted the plaintiff and others relied upon the truth of publicity concerning the ordinance,

namely, that the city would establish and maintain a public market in the event the bond issue carried at the election; that the city pays the upkeep of the building in addition to paying salaries to employees; that in 1917 a proposition was voted on and carried for the issuance of $200,000 of bonds for the acquiring of land and erecting improvements for market purposes; that upon the land acquired a forum annex was built; that the forum annex is equipped and suitable for a market place; that the city never maintained a public market in accordance with the terms of the purported ordinances; that the acts of the city in acquiring the land and erecting the buildings thereon for market places amounted to a fraud on the people in that money was spent for market places and improvements and market places and improvements were never maintained; that private and special interests had appeared before the board of commissioners of the city objecting to the operation of a public market and supporting the city commission's action of maintaining a public wholesale market; and that by reason of this complaint a public wholesale market had been operated; that the city did not have the corporate power, authority or right under the laws and constitution of Kansas to operate a public wholesale market. In so doing it violated the public rights of taxpayers, bestowed upon favored individuals rights that were not given to the public; that the operation of a wholesale market had no connection with the business of the city; the regulations of the market operated by the city of Wichita were unreasonable, unfair, unjust and discriminating; that the city had no corporate power to operate and maintain a public market under the constitution or statutes of Kansas, particularly G. S. 1935, 12-1301, 13-402, 13-1060 to 13-1065; that the city was renting rooms in the wholesale produce market for a filling station and restaurant and that this violated the constitutional rights of the plaintiff, increased his taxes, and that the city was without the power to do such acts; that all of these acts violated the constitution of the state of Kansas. The petition prayed for judgment requiring the city to operate a public market, and to enjoin it from maintaining a public wholesale produce market, and to enjoin it from leasing a part of the space for the purposes therein set forth.

In their answer the defendants pleaded first a general denial, except that the plaintiff was a taxpayer and owned land. The defendants then admitted the allegation as to the $25,000 bond issue for the purpose of purchasing and equipping a public square or mar-

ket square; that the amount received from the bonds was sufficient only to purchase the land and level off the ground; that the construction of the building was paid for out of funds received from the treasurer of the United States and from the treasurer of the city of Wichita, which could be used for that purpose; that the funds available were insufficient for the construction of a public market and were only sufficient for the construction of a wholesale produce market; that the present building was in no way suitable for the operation of a retail market. Paragraph 7 of the answer was as follows:

"These defendants allege that there is considerable ground in said tract of land so purchased, and lying between Wabash avenue and Ohio avenue, and between Third street and Central avenue, in the city of Wichita, not occupied by the building already constructed thereon; that said unoccupied ground is sufficient and is available for the operation of a retail market and for the construction of proper and suitable building with proper and adequate facilities for a retail market, whenever the funds are available for the construction of a retail market upon said tract of ground, provided it is the desire and intent of the city of Wichita to occupy and use said tract of ground wholly as a market square, instead of partly as a market square and partly as a public square."

The answer then admitted that the city paid certain employees of the market place and that no retail sales were permitted; that the building on that tract of land was not suitable for the operation of a retail market; that no portion of the money used in constructing this building was raised by taxation of plaintiff's property or the property of any taxpayer similarly situated. The answer further alleged that the ground in question was procured under the provision of G. S. 1935, 12-1301, and denied that the governing body of the city ever promulgated any publicity, as alleged in the petition; that the forum building referred to in the petition was used at all times for exhibition purposes and such use precludes the use of it as a market. Paragraph 14 was, in part, as follows:

"Defendants further allege that the space complained of in the pretended second cause of action was intended and designed to be leased for purposes incidental to the operation of a wholesale produce market in said building, and that part of the rooms are now vacant; that the defendants, acting for and on behalf of the city of Wichita, would be willing to consider the entering into of a lease with the plaintiff for any use of such space which might be incidental to the market, and likewise, defendants would be willing to negotiate for a lease on said space with any other persons who might be interested in entering into a lease for such vacant space for a use incidental to the said market."

Plaintiff filed a motion to strike the allegations quoted above from the answer. This motion was allowed in part by ordering stricken from paragraph 7 the following language:

"Whenever the funds are available for the construction of a retail market upon said tract of ground, provided it is the desire and intent of the city of Wichita to occupy and use said tract of ground wholly as a market square, instead of partly as a market square and partly as a public square."

And by ordering stricken from paragraph 14 the following:

"That the defendants, acting for and on behalf of the city of Wichita, would be willing to consider the entering into of a lease with the plaintiff for any use of such space which might be incidental to the market, and likewise, defendants would be willing to negotiate for a lease on said space with any other persons who might be interested in entering into a lease for such vacant space for a use incidental to the said market."

And that there should be stricken from paragraph 8 of the answer the following: "And that on the contrary, said building was paid for out of public funds secured from sources other than the taxation of plaintiff's said property."

The defendants have appealed from the judgment ordering the above matter stricken from the answer.

From an examination of the pleadings and briefs and statements made in the oral argument, we have reached the conclusion that the end sought in this action is to challenge the right of the city to maintain and operate a wholesale market only as distinguished from one where retail sales would be permitted. This is true even though there are allegations in the pleadings about favoritism of the city officials in renting space in the forum building.

The defendants have treated the ruling on these motions as a demurrer to their answer. Otherwise the order would not be appealable. On that account the motion directed at the answer will be considered as searching the record. (See *Rohrbaugh v. Cunningham,* 101 Kan. 284, 166 Pac. 471.) When this is done we find that the action is brought by a citizen in his private capacity. It challenges certain official acts of the city officials of Wichita, charges them with certain illegal actions and with failure to act in certain cases. It does not appear that the plaintiff has any interest in the subject matter of this action different from that of the other citizens of the city. As has been the long-settled holding of this court, that such actions could not be maintained by a citizen in his private capacity, the action must be brought by the county attorney of the proper county or the attorney general of the state. There is an exhaustive

discussion of the decisions of this court on the subject in the recent case of *Kern v. Newton City Commissioners,* 147 Kan. 471, 77 P. 2d 954. It would be difficult to add anything of value to that opinion here. From an examination of the authorities considered there, we have reached a conclusion that the plaintiff was without authority to institute this action. When the motions to strike, amounting to a demurrer to the answer, were filed, the trial court should have carried them back as a demurrer to the petition and sustained them.

The judgment of the trial court is reversed with directions to render judgment sustaining a demurrer to the petition.